# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DANIEL S. SCHIPPER, <br><br> Plaintiff, <br><br> vs. <br><br> TOM HOVLAND ENTERPRISES, INC., and GARY THORPE, <br><br> Defendants. | No. C 04-3014-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

_____

In this action, plaintiff Daniel Schipper asserts claims pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Iowa Civil Rights Act (ICRA), IOWA CODE CH. 216, arising from his employment in one of defendant Tom Hovland Enterprises's NAPA Auto Parts Stores. Schipper was employed by Hovland as the manager of a one-man store in Belmond, Iowa. Defendant Gary Thorpe was Schipper's direct supervisor at the times pertinent to Schipper's claims. In June 2001, Schipper suffered a work-related back injury while lifting an auto part. Schipper contends that he was subsequently harassed and belitted by Thorpe, for example, through "hundreds" of telephone calls and face-to-face comments, including statements that Schipper was a "worthless handicap" and that he would never hold a management position with Hovland's again. In the twenty-eight months that followed Schipper's back injury, Schipper was able to work only off and on for about nine months, and he was off work entirely on workers' compensation leave for approximately nineteen months. Schipper's injury required three back surgeries and, when he attempted to return to work at various times, his doctors imposed various lifting limitations. Schipper contends that during this

period, he was demoted from "manager" to "counterman," his pay was changed from salaried to hourly, and he was assigned temporarily to stores in Hampton, Mason City, Clear Lake, and Iowa Falls, even though travel aggravated his back pain. Schipper was ultimately released to work full-time in September 2003 with permanent lifting restrictions of twenty pounds occasionally and ten pounds frequently. However, he contends that he was constructively discharged in September 2003 by the harassment, demotion, and pay cut that he had suffered after his back injury.

In his Complaint (docket no. 1), Schipper pleads as general allegations, *inter alia*, that he was harassed because of his disability, arising from his on-the-job back injury, that he received a demotion and reduction in pay shortly after he was placed on work restrictions for his back injury, and that he was constructively discharged after he filed an administrative complaint alleging disability discrimination. Complaint, ¶¶ 7-9. In Count I of his Complaint, Schipper incorporates his general allegations and specifically asserts claims that he was "constructively discharged" and subjected to a "hostile work environment" in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Complaint, Count I, ¶¶ 13, 17-18. In Count II, he alleges the same wrongdoing in violation of the Iowa Civil Rights Act (ICRA), Iowa Code Ch. 216. Complaint, Count II, ¶¶ 21-23.

This matter comes before the court pursuant to the defendants' October 4, 2005, Motion For Summary Judgment (docket no. 33). Schipper resisted the defendants' motion on November 8, 2005 (docket no. 41), then supplemented his resistance on November 9, 2005, with his separately filed appendix (docket no. 44) and his response to the defendants' statement of facts (docket no. 48). In reply, the defendants filed separately on November 18, 2005, a statement of additional facts (docket no. 51) and a supplemental appendix (docket no. 52), and on November 21, 2005, a reply brief (docket no. 55). On December

16, 2005, Schipper filed a second supplemental appendix (docket no. 57), a response to the defendants' supplemental statement of undisputed facts (docket no. 58), and an amended response to the defendants' original statement of undisputed facts (docket no. 59). Although the defendants requested oral arguments on their motion for summary judgment, the court's crowded schedule has not permitted the timely setting of such oral arguments. Therefore, the defendants' motion will be resolved upon the parties' written submissions. Trial in this matter is scheduled to begin on January 9, 2006.

The defendants seek summary judgment on the following grounds: (1) that Schipper was not a qualified disabled person under the ADA or ICRA on the record presented and that he is estopped from asserting that he is, because of contradictory averments in his application for Social Security disability benefits; (2) that Schipper was not constructively discharged as a matter of law; (3) that Schipper cannot overcome the *Ellerth/Faragher* affirmative defense as a matter of law; (4) that Schipper is not entitled to punitive damages as a matter of law; and (5) that, as a matter of law, Schipper is not entitled to certain categories of damages he seeks, including backpay for a period when he became unable to work and COBRA benefits paid. Schipper asserts that genuine issues of material fact preclude summary judgment on any of the grounds asserted by the defendants.

The first issue that the court must address, however, is precisely what claims Schipper is asserting and which are in dispute for purposes of summary judgment. The defendants assert in their brief in support of summary judgment that Schipper cannot generate genuine issues of material fact on his "disability discrimination" claim, and that he has not asserted a "failure to accommodate" claim. Defendants' Summary Judgment Brief, 5, 19 & n. 5. However, in his resistance to the defendants' motion for summary judgment, Schipper identifies the claims in his Complaint as "harassment on the basis of disability, failure to accommodate a disability, and constructive discharge," and he asserts

3

that genuine issues of material fact precluded summary judgment on any of these claims. *See* Plaintiff's Brief In Resistance To Defendants' Motion For Summary Judgment (docket no. 41-3), 2. In their reply, the defendants assert that they have not moved for summary judgment on Schipper's "disability harassment" claim. *See* Defendants' Reply Brief (docket no. 55), 27. Thus, it is apparent that there is some confusion about the claims at issue in this case and which of those claims are at issue on the defendants' motion for summary judgment.

The court can only find a "disability discrimination" claim asserted in Schipper's Complaint by a generous reading of his inartful pleadings. Neither Count I nor Count II contains any express assertion or identification of a "disability discrimination" claim, *see* Complaint, Counts I & II, and Schipper did not identify such a claim as one he is asserting in his brief in resistance to summary judgment. *See* Plaintiff's Brief In Resistance To Defendants' Motion For Summary Judgment (docket no. 41-3), 2. On the other hand, each Count incorporates by reference paragraph 8 of the general allegations, which alleges that Schipper "received a demotion and a reduction in pay shortly after he was placed on work restrictions from his back injury." Complaint, ¶ 8, ¶ 13, and ¶ 21. This allegation of "disability discrimination" in the general allegations of the Complaint is incorporated into each Count and, when read generously, is sufficient to plead a "disability discrimination" claim based on demotion and reduction of pay because of disability. Moreover, the defendants have understood Schipper to be asserting such a "disability discrimination" claim and have acquiesced in the assertion of such a claim by challenging it on the merits, rather than on the basis of failure to plead it, and still further, the parties all devote much of their briefing on the summary judgment motion to whether or not Schipper can generate genuine issues of material fact on the elements of such a claim. Therefore, whether or not a "disability discrimination" claim will proceed to trial will be

addressed below, when the court turns to the merits of the defendants' motion for summary judgment.

In contrast, Schipper has nowhere explicitly pleaded a "failure to accommodate disability" claim, nor can the court find that he has pleaded any factual allegations that would implicitly support such a claim, even by a generous reading of his Complaint. Moreover, his administrative complaint, attached to his Complaint as Exhibit A, gives no hint that he attempted to pursue such a "failure to accommodate" claim in the administrative process. Instead, Schipper's narrative explanation of his claim in his administrative complaint asserts only disability harassment. At least three Circuit Courts of Appeals have held that, where a party fails to include a "failure to accommodate" claim in an administrative charge, even where the party otherwise alleges "disability discrimination" in the charge, the "failure to accommodate" claim must be dismissed in a subsequent lawsuit for failure to exhaust administrative remedies, because a "failure to accommodate" claim is not reasonably related to and does not reasonably grow out of the investigation of a "disability discrimination" claim. *See, e.g., MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 n.13 (10th Cir. 2005); *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853-54 (6th Cir. 2000); *Green v. National Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). This court has found no contrary authority. Therefore, no "failure to accommodate disability" claim is properly before the court in this case, because such a claim falls outside the scope of Schipper's administrative charge, and consequently is not administratively exhausted, and no such claim has been pleaded in his judicial complaint. Nevertheless, proof that Schipper's disability could be "reasonably accommodated" may be part of the "qualification" element of his disability discrimination claim. *See, e.g., Simpson v. Des Moines Water Works*, 425 F.3d 538, 542 (8th Cir. 2005) (stating the elements of a *prima facie* case of disability discrimination as including evidence

that "'the employee is qualified (with or without reasonable accommodation) to perform the essential functions of a job'") (quoting *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005)).

Finally, while Schipper has explicitly pleaded a "disability harassment" claim in both his judicial and administrative complaints, the defendants assert that such a claim is not in dispute on their motion for summary judgment. Therefore, Schipper's "disability harassment" claim will proceed to trial without further comment, at least if the court finds that Schipper has generated genuine issues of material fact that he was "disabled" within the meaning of the ADA or ICRA.

With the resolution of the question of the nature of the claims now before the court, the court turns to the merits of the defendants' motion for summary judgment. As this court has often explained, applying the standards of Rule 56 of the Federal Rules of Civil Procedure, the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir. 1990). The court concludes that, for essentially the reasons stated in Schipper's resistance to the defendants' motion for summary judgment, genuine issues of material fact preclude summary judgment in the defendants' favor on any of the issues or claims on which they seek such judgment, except to the extent that the defendants assert that Schipper has not pleaded or asserted a separate "failure to accommodate disability" claim.

Somewhat more specifically, the court finds that Schipper has generated genuine issues of material fact as to whether or not he was "disabled" within the meaning of the ADA and ICRA, because he has pointed to evidence of "actual disability," in the form of long-term or permanent limitations of his major life activities arising from his back injury,

6

and/or because he has pointed to evidence that he was perceived to be disabled by Thorpe and other upper managers of Hovland. The court also finds that Schipper has generated genuine issues of material fact that he was "qualified" for his position, even if he was disabled, because he has pointed to evidence demonstrating that he could perform his job with accommodations that were at least arguably reasonable and at least arguably available on the record presented. Also contrary to the defendants' assertions, Schipper has offered at least facially reasonable explanations for the apparent contradictions between his "disability discrimination" allegations and his averments in support of his application for Social Security disability benefits, so that he is not estopped to assert that he is disabled within the meaning of the ADA or ICRA. Next, the court finds that Schipper has generated genuine issues of material fact as to whether or not he was constructively discharged by pointing, for example, to evidence of changes in his duty stations, his demotion, and his pay reduction, as well as to evidence that the defendants failed to bring such adverse conduct to an end over a two-year period, even if the harassing telephone calls from Thorpe allegedly stopped several months before Schipper quit. Primarily because there are genuine issues of material fact that Schipper was constructively discharged, the court also finds that there are genuine issues of material fact as to whether or not the *Ellerth/Faragher* affirmative defense is available as a matter of law, or if it is available, as to whether or not Schipper can overcome it. Similarly, on the evidence to which Schipper points, he may have a colorable claim for punitive damages. Finally, on the record evidence, the court concludes that the question of whether certain damages, including punitive damages, backpay for certain periods, and damages for COBRA benefits, are available in this case, either as a matter of law or as a matter of fact, is best left for trial.

THEREFORE, the defendants' October 4, 2005, Motion For Summary Judgment (docket no. 33) is **granted**, to the extent that the court finds that, as a matter of law, Schipper has not asserted in this case, and cannot now assert, any claim for "failure to accommodate" his alleged disability, because he has neither administratively exhausted nor pleaded such a claim, but the motion is otherwise **denied**. This matter will proceed to trial on Schipper's "disability discrimination" and "disability harassment" claims.

**IT IS SO ORDERED.**

**DATED** this 20th day of December, 2005.

*Mark W. Bennett*
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA